KEB

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Krylosova Zinaida, | No.   CV-26-02866-PHX-RM (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| Unknown Party, et al., | |
| Respondents.[1] | |

Self-represented Petitioner Krylosova Zinaida, who is confined in the Eloy Detention Center, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging her immigration detention and an Emergency Motion for Temporary Restraining Order (Doc. 2).  The Court will require Respondents to answer the Petition and deny without prejudice the Emergency Motion.

**I.      Petition**

In her Petition, Petitioner alleges she is a native and citizen of Russia who entered the United States on November 18, 2024.  She was taken into immigration custody on November 24, 2024, and has remained in detention since that time.  She claims she has never received an individualized custody hearing.  On July 15, 2025, an immigration judge

---

[1] The Court will substitute Markwayne Mullin for Respondent Kristi Noem pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and Eric Rokosky, Warden of Eloy Detention Center, for Respondent Unknown Party.  *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (" [H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition.").

TERMPSREF

denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered her removal to Russia. Petitioner's August 10, 2025 appeal of that decision remains pending before the Board of Immigration Appeals.

Petitioner challenges her continued detention, arguing that her unreasonably prolonged detention without an individualized bond hearing violates her due process rights. She seeks release from custody or a bond hearing.

The Court will require Respondents to answer the Petition.

## II.   Emergency Motion for Temporary Restraining Order

Petitioner seeks to enjoin Respondents from transferring her outside the District of Arizona until this matter is resolved. Petitioner contends that removal would "irreparably harm [her]" by "depriv[ing] the Court of jurisdiction to adjudicate her constitutional claims." But the Court retains jurisdiction even if Petitioner is transferred. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." (quoting *Santillanes v. U.S. Parole Comm'n* , 754 F.2d 887, 888 (10th Cir. 1985))); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing that a court acquires jurisdiction over a habeas action if the petitioner "properly name[s] [her] immediate custodian and file[s] in the district of confinement"). Accordingly, the Court will deny the Motion for Temporary Restraining Order without prejudice.

## III.   Warnings

### A.   Address Changes

If Petitioner's address changes, she must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a

copy of every document she files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1)    Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2)    The Clerk of Court must **substitute** Markwayne Mullin for Respondent Kristi Noem, and Eric Rokosky, Warden of the Eloy Detention Center, for Respondent Unknown Party.

(3)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), the Memorandum of Points and Authorities (Doc. 3), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, the Memorandum of Points and Authorities, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4)    The Clerk of Court must immediately transmit by email a copy of this Order, the Petition, and the Memorandum of Points and Authorities to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)    Respondents must answer the Petition within **twenty (20) days** of the date of service.  Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(6)    Petitioner may file a reply within **ten (10) days** from the date of service of the answer.

TERMPSREF

- 3 -

(7)     This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 24th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

TERMPSREF