**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Krylosova Zinaida,

Petitioner,

v.

Todd M Lyons, et al.,

Respondents.

No. CV-26-02866-PHX-RM (MTM)

**ORDER**

On June 3, 2026, the Court granted Petitioner Krylosova Zinaida's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and ordered Respondents to provide Petitioner with a bond hearing within seven days or release her. (Doc. 13.) On June 4, 2026, the immigration court issued a notice setting Petitioner's custody redetermination hearing for 10:00 a.m. the next day. (Doc. 19-2 at 2.) After the June 5 hearing, the Immigration Judge ("IJ") issued a form order denying bond, finding that the Department of Homeland Security ("DHS") had established by clear and convincing evidence that Petitioner is a flight risk. (Doc. 19-3 at 2.)

Petitioner, proceeding pro se, then filed a Motion for Rescheduling a Bond Hearing or Release. (Doc. 17.) She asserts that neither she nor her attorney learned of the hearing until the day it was held. (*Id.*) As a result, she says, she was unable to present documentation from her sponsor, and the absence of that documentation was the reason bond was denied. (*Id.*) She also challenges the conditions of her confinement. (*Id.*) At the Court's direction (Doc. 18), Respondents filed a response (Doc. 19).

Respondents first argue that Petitioner must exhaust her administrative remedies by appealing the IJ's decision to the Board of Immigration Appeals ("BIA"). (Doc. 19 at 2-3.) That argument misapprehends the posture of this case. The authority Respondents cite addresses whether a detainee must exhaust administrative remedies before filing a habeas petition challenging a bond determination. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Here, the Court has already granted the petition, and the question is whether Respondents complied with the Court's Order. "When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020). Whether Respondents complied with this Court's Order is not a question for the BIA.

Moreover, the exhaustion requirement in *Leonardo* is prudential rather than jurisdictional. It applies "ordinarily" and gives way where "exhaustion is excused." *Leonardo*, 646 F.3d at 1160. Requiring Petitioner to pursue an administrative appeal before the Court may determine whether its own Order was followed would serve no purpose. Nor is Petitioner's ability to seek a subsequent bond hearing based on materially changed circumstances (Doc. 19 at 3) a substitute for the hearing the Court ordered.

Respondents next argue that the Motion is moot because Petitioner has already received a bond hearing. (*Id.* at 3-4.) But whether that hearing satisfied the Court's Order is the very question presented. A case is moot only if the court cannot give the movant effective relief. *See Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988). If the hearing did not comply with the Court's Order, the Court can order effective relief, either a new hearing or release. The Motion is not moot.

On the merits, the Court concludes that the June 5, 2026 hearing did not comply with its Order. Due process requires notice "reasonably calculated, under all the circumstances," to apprise a party of a proceeding and "afford [her] an opportunity to present [her] objections," and the notice "must afford a reasonable time" to appear. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The opportunity to be heard must come "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424

U.S. 319, 333 (1976) (citation omitted).

Petitioner did not receive that opportunity. The notice was issued on June 4, 2026, for a hearing at 10:00 a.m. the next morning. (Doc. 19-2 at 2.) According to the certificate of service, it was served electronically on DHS and on Petitioner's immigration counsel, whose office is in Virginia. It was not served on Petitioner. (*Id.*; Doc. 19-1 at 2.) Petitioner states under penalty of perjury that neither she nor her attorney learned of the hearing until the day it was held. As a result, she could not provide the immigration court with her sponsor's documents. (Doc. 17 at 2-3.) Respondents do not dispute that account. They assert only that counsel, who had entered an appearance for all proceedings, was served electronically. (Doc. 19 at 1-2 & n.1.) But even if counsel received the notice the day it issued, notice served on out-of-state counsel the day before the hearing did not give Petitioner a reasonable opportunity to gather and present evidence supporting her release.

Respondents contend that Petitioner's inability to present evidence is immaterial because DHS, not Petitioner, bore the burden of proof. (Doc. 19 at 2.) The Court disagrees. Placing the burden on the Government does not eliminate the detainee's right to rebut the Government's showing. Whether a detainee is a flight risk depends heavily on her community ties, her residence, and her plans upon release. That is precisely the evidence Petitioner states she could not present. Petitioner states that she has no criminal history and that her proposed sponsor, a United States citizen, is prepared to provide her with housing and financial support. (Doc. 17 at 2-3.) According to her unrebutted account, the absence of documentation regarding her sponsor was the reason bond was denied. (*Id.* at 2.) If so, the IJ effectively shifted the burden to Petitioner by holding her lack of evidence against her. That is inconsistent with requiring the Government to establish flight risk by clear and convincing evidence.

Nothing in the record shows otherwise. The IJ's decision is a one-page form order. It states only that DHS "has met its burden" and that "there are no less restrictive means that would ameliorate this risk." It identifies no evidence and makes no findings. (Doc. 19-3 at 2.) Respondents do not otherwise rebut any of Petitioner's arguments on the merits

regarding the substance of the bond hearing. The Court has reviewed the audio recording of the bond hearing submitted by Respondents, and the recording indicates that Petitioner's counsel averred she had been unable to submit evidence due to the late notice of the hearing. On this record, the Court cannot conclude that Petitioner received the hearing the Court ordered.

Under the circumstances, the Court concludes that immediate release under reasonable conditions of supervision is the appropriate remedy. Respondents had the opportunity to provide the hearing the Court ordered, and Petitioner has been detained since November 2024. *See W.T.M. v. Bondi*, 2026 WL 262583, at *5 (W.D. Wash. Jan. 30, 2026); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 130-31 (D.R.I. 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing").

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Rescheduling a Bond Hearing or Release (Doc. 17), construed as a motion to enforce the Court's June 3, 2026 Order, is **granted**.

**IT IS FURTHER ORDERED** that Respondents must immediately release Petitioner from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that Respondents must file a Notice of Compliance within **two (2) business** days.

**IT IS FURTHER ORDERED** that all other pending Motions (Doc. 21) are **denied as moot**, the reference to Magistrate Judge Michael T. Morrissey is **withdrawn**, and this case shall remain closed.

Dated this 23rd day of November, 2026.

Honorable Rosemary Márquez
United States District Judge